1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE HERNANDEZ,

                        Petitioner,

    v.

UNITED STATES OF AMERICA,

                       Respondent.

CASE NO. CV20-6174 RJB

CR16-5358 RJB

ORDER DENYING MOTION FOR
RELIEF UNDER 28 U.S.C. § 2255

This matter comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Dkt. 1.  The Court has reviewed the pleadings filed regarding the petition and the remaining file.

Petitioner seeks 28 U.S.C. § 2255 habeas corpus relief from his 132-month sentence imposed after his guilty plea to possession of controlled substances with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Dkt. 1.  In this petition, he

raises four grounds for relief including that his Sixth Amendment right to effective assistance of counsel was violated.  Dkt. 1.  For the reasons set forth below, the Petition should be denied.

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

The citations in this Background Facts and Procedural History section are to the case management and electronic court filing system ("CM/ECF") numbers assigned in the underlying criminal case, *United States v. Hernandez*, Western District of Washington case 16-5358 RJB, unless otherwise noted.

### A.  PROCEDURAL HISTORY OF CRIMINAL CASE

On November 23, 2015, a complaint was filed against the Petitioner charging him with one count of possession of methamphetamine with intent to distribute contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Dkt. 1.  That complaint was based, in part, on the information and activities of a confidential informant who the complaint states was "cooperating in return for payment," and had "multiple felony convictions, including drug trafficking and possession crimes." *Id.*

On June 20, 2016, George Paul Trajo, Jr. appeared on behalf of Petitioner.  Dkt. 5.  On July 27, 2016, Petitioner was indicted with two counts of possession of controlled substances with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 2 U.S.C. § 2, four counts of a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and two counts of distribution of Oxycodone 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Dkt. 14.

On November 4, 2016, Assistant Federal Public Defender Colin Fieman was appointed to represent the Petitioner and Mr. Trajo withdrew.  Dkts. 24, 26, 27 and 29.

On January 10, 2017, the Petitioner agreed to plead guilty to one count of possession of controlled substances with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Dkt. 36.  Although the government asserted that the Petitioner was facing as much as a mandatory minimum of 25 years of incarceration under the indictment, the government agreed to recommend a sentence of 11 years in the plea deal.  *Id.*  The Petitioner pleaded guilty before U.S. Magistrate Judge J. Richard Creatura, who filed a Report and Recommendation on the plea, which was adopted.  Dkts. 37, 38, and 40.

Petitioner's sentencing hearing was rescheduled several times.  *See e.g.* Dkts. 42, 48-52, 53, 55-56.  On April 13, 2017, Mr. Fieman was permitted to withdraw and Emily Guase was substituted as Petitioner's lawyer.  Dkt. 46.  On October 6, 2017, the Petitioner moved to withdraw his guilty plea based, in part, on "newly discovered evidence."  Dkt. 54.  In his motion, the Petitioner argued that:

> For the first year of Mr. Hernandez's federal case, he never reviewed discovery with his attorney. His attorney did not employ an investigator nor attempt to research or discovery who the confidential informant was. When Mr. Hernandez was reassigned to FPD Colin Fieman, he discussed the concerns he had about who he thought might be the confidential informant, including veracity issues and factual issues within the search warrant affidavit. Although Mr. Fieman discussed these things with Mr. Hernandez, he did not do additional research about that suspected informant's criminal history or circumstances surrounding his cooperating with law enforcement. He did not seek to confirm the informant's identity.

Dkt. 54, at 2.  Petitioner argued in his motion to withdraw his guilty plea that when Ms. Gause began to represent him, they hired an investigator "to investigate information about the suspected informant," and discovered that this "suspected" informant had a criminal history.  *Id.*  Petitioner maintained that he should have been able to withdraw his guilty plea because "he was not

1    provided with information regarding the criminal history of the informant or the cooperation details."

2    *Id*.

3            On October 20, 2017, the Petitioner's motion to withdraw his plea was denied and the

4    Petitioner was sentenced to 132 months. Dkt. 60.  In denying the motion to withdraw

5    Petitioner's plea, the undersigned found that, although the Petitioner's argument was "not

6    couched in terms of ineffective assistance, it really [was] an argument that Mr. Fieman should

7    have requested this information . . . before counseling the defendant to enter into the plea

8    agreement." Dkt. 73, at 17.  The Court found that it "was no secret this confidential informant

9    had a history" and at the "time of the plea, the deal was that there was not going to be further

10   investigation into the nature of that confidential informant or his or her criminal history." *Id.,* at

11   18.  The Court concluded that "[w]hat Mr. Fieman did at that time is within the – within effective

12   assistance of counsel." *Id.,* at 17.

13           Petitioner filed a notice of appeal, arguing that the decision to deny his change of plea

14   was an abuse of discretion because Petitioner did not get adequate advice from counsel "about

15   seeking material information about the confidential informant."  Dkt. 62.

16           On March 20, 2019, the Ninth Circuit Court of Appeals affirmed this Court's decision to

17   deny the Petitioner's motion to change his plea.  Dkt. 79.  The Ninth Circuit Court of Appeals

18   noted that, "a defendant cannot base his or her motion [to withdraw a guilty plea] on receiving

19   inadequate legal counsel when counsel discussed the specific issues upon which defendant now

20   bases his or her motion to withdraw guilty plea." *Id.* (*citing United States v. Mayweather*, 634

21   F.3d 498, 506 (9th Cir. 2010)). The Ninth Circuit held that "[g]iven that Hernandez based his

22   motion on the possibility of new evidence gleaned from legal strategies already discussed by

23   previous counsel prior to his plea agreement, the district court did not abuse its discretion in

24

1   denying the motion."  *Id.*  The mandate issued on April 11, 2019.  Dkt. 80.  The United States

2   Supreme Court denied Petitioner's Petition for Certiorari on October 11, 2019.  Dkt. 82.

3          On November 30, 2020, Petitioner filed the instant Petition under 28 U.S.C. §2255 to

4   Vacate, Set Aside, or Correct Sentence.  Dkt. 83; refiled as Dkt. 1 in *Hernandez v. United States*,

5   Western District of Washington case 20-6174 RJB.

6          **B.  PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

7          The Petitioner asserts four grounds for relief.  Dkt. 1, *Hernandez v. United States*,

8   Western District of Washington case 20-6174 RJB.  Grounds one and two are that Petitioner's

9   Sixth Amendment right to effective counsel was violated when Mr. Fieman only advised the

10  Petitioner to take the plea deal and failed to review discovery with the Petitioner, failed to look

11  into the confidential informant, or inform Petitioner that he could file a motion to suppress the

12  evidence in the case "because the evidence in [his] case relied entirely on the [confidential

13  informant's] information and participation," and when Mr. Fieman "failed to look into the

14  controlled buys."  *Id.*  Petitioner entitles his third ground for relief, "I would ask the court to

15  seriously consider please look at this 924(c) charge and reduce to 922g or drop all together.  I

16  don't fit the elements and I never possessed a gun."  *Id.*  He appears to challenge the sufficiency

17  of the evidence for this charge in this claim.  Petitioner lists his fourth ground for relief as "drug

18  amounts are too high.  I was charged with drugs that aren't mine" again appearing to challenging

19  the sufficiency of the evidence in this claim.  *Id.*

20         Petitioner also recognizes that he filed his Petition outside the one-year limitation period

21  and states that he originally mailed it on August 26, 2020.  *Id.*  He maintains that he called the

22  "Clerk for an update and was told they never received it."  *Id.*  Petitioner goes on to say that he

23

24

has had difficulty drafting the Petition due to the pandemic and "swear[s] under the penalty of perjury [he] sent it" in August.  *Id.*

In the Response, the government argues that the petition should be denied.  Dkt. 5, *Hernandez v. United States*, Western District of Washington case 20-6174 RJB.  It claims that this petition is time barred because it was filed after the one-year limitation period and the claims are procedurally barred.  The government further asserts that Mr. Fieman's performance was not deficient and that the Petitioner cannot show prejudice.  *Id.*

Petitioner has filed a reply.  Dkt. 6.  The Petition is ripe for consideration.

## II.    DISCUSSION

### A.  STANDARD - 28 U.S.C.  § 2255

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C. § 2255.

### B.  EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief.  This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner.  *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981).  The petitioner has the

burden of establishing the need for an evidentiary hearing.  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  The threshold test for determining if the petitioner has met this burden is whether the petitioner's allegations, if proved, would establish the right to collateral relief. *Townsend v. Sain*, 372 U.S. 293, 307 (1963).

The Petitioner has not demonstrated that he is entitled to an evidentiary hearing on this petition.  While his allegations "delineate the factual basis of his claim," the records, files and affidavits in the record are "conclusive against the petitioner."  *Taylor,* at 573.  The allegations, even if proved, would not "establish the right to collateral relief." *Townsend*, at 307.  In this case, the Petitioner should not be accorded an evidentiary hearing because his claims are meritless as demonstrated by the record before the Court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).  An evidentiary hearing should not be held on this petition.

## C. PROCEDURAL BARS – TIME BAR AND FAILURE TO RAISE CLAIMS ON DIRECT APPEAL

### 1.   Procedural Bar - One-Year Filing Limitation

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013)(*quoting* 28 U.S.C. § 2244(d)(1)(A)).

This Petition should be dismissed as barred by AEDPA's one-year statute of limitations. The U.S. Supreme Court denied the Petitioner's Petition for Certiorari on October 11, 2019; this Petition was not filed until November 30, 2020, over one year later.

1    Petitioner's assertions that his mail must have been lost are not sufficient grounds to

2    excuse his failure to file his Petition timely.  "The doctrine barring procedurally defaulted claims

3    from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted

4    claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*

5    *v. Ryan*, 132 S. Ct. 1309, 1316 (2012).  Petitioner has failed to show sufficient cause for his

6    failure to file his Petition timely.  His unsupported claims that the mail must have been lost is

7    insufficient.  Further, the Petitioner did not show "prejudice from a violation of federal law."

8    *Martinez,* at 1316.  Moreover, even if the Petition was not barred by the statute of limitations, the

9    claims should be dismissed on other grounds that explained below.

10                    2.   Procedural Bar - Failure to Raise Claims Three and Four on Direct Appeal

11           With certain exceptions, like ineffective assistance of counsel claims, a petitioner may

12   not raise a claim in a Section 2255 motion that he or she failed to raise on direct appeal. *See*

13   *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Schlesinger*, 49

14   F.3d 483, 485 (9th Cir. 1994)  If a criminal defendant could have raised a claim of error on

15   direct appeal but nonetheless failed to do so, he must demonstrate both:  (1) cause excusing his

16   procedural default, and (2) actual prejudice resulting from the claim of error.  *United States v.*

17   *Frady*, 456 U.S. 152, 168 (1982).

18           The Petitioner's first two claims for relief for ineffective assistance of counsel were

19   arguably raised in the Ninth Circuit Court of Appeals on direct appeal.  Petitioner's claims three

20   and four, in which the Petitioner challenges the sufficiency of the evidence for both the drug and

21   gun convictions, were not raised on direct appeal.  Accordingly, claims three and four are barred

22   and those claims should be dismissed.  No further analysis on them is necessary.

23       **D.  CLAIMS ONE AND TWO - INEFFECTIVE ASSISTANCE OF COUNSEL**

24

1    A claim of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that

2    the defense attorney's representation fell below an objective standard of reasonableness and (2)

3    that the attorney's deficient performance prejudiced the defendant such that there is a reasonable

4    probability that, but for counsel's unprofessional errors, the result of the proceeding would have

5    been different.  *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Strickland v. Washington*,

6    466 U.S. 668, 694 (1984).  The Court need only consider one of the *Strickland* prongs if it is

7    dispositive.  *Strickland,* at 87.

8        The test in *Strickland* "applies to challenges to guilty pleas based on ineffective

9    assistance of counsel," like the claim asserted here.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In

10   such challenges, the second *Strickland* prong, the prejudice prong, "focuses on whether counsel's

11   constitutionally ineffective performance affected the outcome of the plea process."  *Id.,* at 59.

12   "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a

13   reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

14   have insisted on going to trial."  *Id.*  "A court considering a claim of ineffective assistance must

15   apply a 'strong presumption' that counsel's representation was within the 'wide range' of

16   reasonable professional assistance." *James v. Schriro*, 659 F.3d 855, 879-80 (9th Cir. 2011);

17   *Strickland*, 466 U.S. at 689.

18        2.   Strickland Prong 1: Objective Standard of Reasonableness

19        In determining whether counsel's conduct was objectively reasonable, courts use "the

20   rule of contemporary assessment," that is, evaluating the performance at the time, without the

21   benefit of hindsight.  *Maryland v. Kulbicki,* 136 S. Ct. 2, 4 (2015). "A lawyer's performance

22   does not fall to the level of a Sixth Amendment violation under *Strickland* simply because the

23   lawyer fails to pursue any and all non-frivolous strategies."  *See Johnston v. Mitchell,* 871 F.3d

24

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 - 9

52, 63 (1st Cir. 2017).  Generally, counsel's failure to file a motion to suppress is only constitutionally deficient under *Strickland* when "no competent attorney would think a motion to suppress would have failed."  *Premo v. Moore,* 562 U.S. 115, 124 (2011).

The Petitioner has failed to show that Mr. Fieman's investigation of the confidential informant, his investigation into the controlled buys, his decision not to file a motion to suppress (or advise Petitioner about a motion to suppress), or his communications with the Petitioner about the plea deal were objectively unreasonable.  To the extent the Petitioner raised these arguments with the Ninth Circuit Court of Appeals and they were rejected, the Petitioner is barred from relitigating them here.

Further, even if they were not barred, the undersigned has considered each of the alleged strategically deficient decisions both here and at the hearing on the motion to change Petitioner's plea.  None of Mr. Fieman's decisions rise to the level of being "objectively unreasonable."  Particularly as to the strategic decisions that went into not filing or advising Petitioner on a motion to suppress, there is no evidence that "no competent attorney would think a motion to suppress would have failed." *Premo,* at 124.  Additionally, the Petitioner fails to provide any facts or meaningful argument in support Mr. Fieman's failure to share discovery or to properly communicate.  The Petitioner has failed to show that Mr. Fieman's performance was "objectively unreasonable" under the first *Strickland* prong.

3.  <u>Strickland Prong 2: Prejudice</u>

The Petitioner has not shown that he was "prejudiced," under the second *Strickland* prong, as a result of Mr. Fieman's conduct.  The Petitioner has not shown that Mr. Fieman's strategic decisions or communication "affected the outcome of the plea process." *Hill,* at 59. Even though the Petitioner asserts that the motion to suppress may been successful if Mr. Fieman

had filed it and he maintains that he would have insisted on going to trial if Mr. Fieman had

properly advised him to go to trial, he offers nothing in support of this assertion.  "[I]n order to

satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill,* at 9.  Aside from his bare assertions, there is no evidence,

certainly none that show there was a "reasonable probability" that but for Mr. Fieman's alleged

errors, the Petitioner would have insisted on going to trial. The Petitioner has not shown he was

prejudiced by Mr. Fieman's conduct.

    4. <u>Conclusion on Claims One and Two</u>

  Petitioner's claims one and two for ineffective assistance of counsel should be dismissed.

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that

counsel's representation was within the 'wide range' of reasonable professional assistance."

*James v. Schriro*, 659 F.3d 855, 879-80 (9th Cir. 2011); *Strickland*, 466 U.S. at 689.  Applying

this "strong presumption," Petitioner has not shown that Mr. Fieman's representation was not

within the "wide range of reasonable professional assistance."  *Id.*

**E.  CERTIFICATE OF APPEALABILITY**

  Pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United

States District Courts, the Court must determine whether to issue a Certificate of Appealability

when the Court enters a final order adverse to a petitioner.

  The district court should grant an application for a Certificate of Appealability only if the

petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(3).  To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas

petitioner must make a showing that reasonable jurists could debate whether, or agree that, the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this Petition as procedurally barred and on the merits.  The Petitioner's claims are without merit.  He has not made a substantial showing of the denial of a constitutional right.  Reasonable jurists could not debate whether, or agree that, the petition should have been resolved in a different manner; the issues raised are not adequate to deserve encouragement to proceed further; and jurists of reason would not find it debatable whether the court was correct in its rulings.  A Certificate of Appealability should be denied.

### III.   ORDER

It is **ORDERED** that:

- Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1, *Hernandez v. United States*, Western District of Washington case 20-6174 RJB; filed also at Dkt.  in *United States v. Hernandez,* Western District of Washington case 16-5358 RJB) **IS DENIED;** and

- A Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of February, 2021.

ROBERT J. BRYAN
United States District Judge